UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JEROME KOENIG and JEANETTE KOENIG,

    Plaintiffs,

    v.

UNITED PARCEL SERVICE, INC.,
UNITED PARCEL SERVICE OF AMERICA, INC.,
UNITED PARCEL SERVICE COMPANY, and
TIMOTHY BRAYFIELD, JR.,

    Defendants.

Case No. 10-cv-187-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on its own initiative for purposes of case management.

    Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

    Here, Plaintiffs Jerome and Jeanette Koenig have invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish

diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, a complaint asserting diversity jurisdiction must allege citizenship, not residence. *See, e.g., McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).

In their complaint, the Koenigs plead Defendant Timothy Brayfield Jr.'s place of residency but not the place of his citizenship. As such, the Koenigs' complaint, at present, fails to adequately plead diversity jurisdiction as to Brayfield.

Accordingly, the Court **ORDERS** that the Koenigs shall have up to and including April 9, 2010, to correct this and any other jurisdictional defects. *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should they fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: March 15, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**